No. 10,188.

GAMMON ET AL. *v.* COTTRELL.

PROMISSORY NOTE.—*Judgment.*—*Res Adjudicata.*—*Evidence.*—Suit on a promissory note for $100.   Answer that this and other notes were given for a reaper; that in a former suit on the other notes between the same parties it was adjudged that there was due to the plaintiffs, on *all* the notes, $142.   The record put in evidence to support the answer showed a suit against the defendant on two notes of $100 each, an answer that those, and another for a like sum not due, were for a reaper which was warranted, and a breach of warranty, a reply in denial, and a verdict and judgment for the plaintiffs for $142.

*Held,* that the evidence failed to support the answer.

From the Vigo Circuit Court.

*N. G. Buff, J. T. Pierce* and *D. T. Morgan,* for appellants. *W. W. Ramsey,* for appellee.

BEST, C.—This action was brought by the appellants against

the appellee, upon a note of $100 made by him to them on the 28th day of July, 1879, payable on the 1st day of September, 1881.

The appellee filed an answer of three paragraphs. The third paragraph, the only one in support of which any evidence was offered, averred that the appellee executed to the appellants three notes, of which the note in suit was one, for a reaper; that, in a suit upon the other two notes, an issue was made upon this note, and the jury found that there was due upon all of said notes the sum of $142. This paragraph was denied, the issues submitted to the court, a finding made for the appellee, and, over a motion for a new trial because the finding was contrary to the evidence, final judgment was rendered upon the finding. The ruling upon the motion for a new trial is assigned as error.

The evidence is in the record. The note was read in evidence, and this entitled the appellants to judgment, unless an affirmative defence was established. In support of the defence alleged in the third paragraph of the answer, the appellee read in evidence the record of a suit upon the two notes mentioned in such paragraph. The complaint was in the ordinary form. The first paragraph of the answer was a plea of no consideration, and the second averred that 'the notes sued upon and the note now in suit, which was not then due, had been given for a reaper; that it was warranted well made, of sound timber and capable of doing good work, and then alleged a breach of the warranty, to the appellee's damage in the sum of $300, which he alleged "he ought to recover as a set-off against said three notes executed in payment for said machine, and that said note not yet due ought to be declared cancelled." Prayer for judgment for $300, and that the third note be cancelled.

This answer was denied, and the issues were submitted to a jury, and a verdict returned for $142 for the plaintiffs, upon which final judgment was rendered. This was all the evidence in support of the third paragraph of the answer, and it utterly

failed, in our opinion, to establish any defence to the note in suit. The note was not cancelled by the judgment, nor did the pleadings authorize any such judgment. The averment in the answer, that the appellee had been damaged by the breach of the warranty in the sum of $300, though that sum exceeded the amount of the other notes enough to equal the amount due upon this note, did not authorize such relief. This is said upon the assumption that the pleading is an answer, as it purports to be; but if it is regarded as a counterclaim the result must be the same, as the jury did not find in favor of the cancellation of said note, and no such judgment was or could have been rendered. The jury found a verdict for $142. This was less than the face of the other notes, and the difference between the amount due upon them and the verdict must be regarded as the damages allowed for breach of the warranty. It can be assumed that they also allowed enough more to equal the amount of this note, when there is nothing in the verdict or judgment to justify it. The claim for damages sustained by breach of the warranty is merged in the other judgment; but this note was not cancelled by it, nor was any defence shown to it. For these reasons the judgment should be reversed, and a new trial granted.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the costs of the appellee.